PER CURIAM.
Appellant, United States Fidelity & Guaranty Company (USF & G),' appeals the trial court’s grant of summary judgment, requiring USF & G to give $600,000 it received from Federal Insurance (Federal) to Essex Insurance Company (Essex). Because the record does not provide an adequate basis for equitable subrogation, we reverse the order granting summary judgment.
This case arose out of an agreement between USF & G, Essex, and Federal to settle underlying litigation involving mutual insureds through a jointly-funded settlement. The agreement provided that the insurers could litigate among themselves if any of them wished to reallocate the settlement funds. USF & G and. Essex were substituted as plaintiffs for the insured in an action against Federal, but USF & G and Essex maintained separate and independent claims against Federal. Before trial, USF & G settled its claim with Federal for $600,000. Essex and Federal proceeded to trial, where the trial court found in favor of Federal in the .amount of $2 million, Federal’s contribution to the settlement proceeds. Essex entered into a post-judgment settlement with Federal, but has kept the terms of the settlement confidential. Subsequently, Essex asserted a claim against USF &- G to recover the $600,000 settlement money USF & G received from Federal. -■
USF & G and Essex filed cross motions for summary judgment. The trial court granted summary judgment in favor of Essex, finding that Essex, as the excess carrier, should receive .the settlement funds.
In order to support recovery under a theory of equitable subrogation, Essex must establish: “(1) that it made the payment at issue to protect its own interests, (2) the payment was non-voluntary, (3) it,was not primarily liable for the debt paid, (4) it- paid the entire- debt, and (6) subrogation would, not work any injustice to the rights of a third party.” Nova Info. Sys., Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1005 (11th Cir.2004) (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999)). Essex cannot establish the fourth element .as it did not pay the entire settlement in the underlying tor-t litigation.
In light of the independent nature of their respéctive claims against Federal, the trial court erred in determining Essex was entitled to the settlement money USF & G received from Federal.' Accordingly, we reverse, the trial court’s order granting summary judgment.
WETHERELL and WINOKUR, JJ., concur.
MAKAR, J., concurs with opinion.